IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00711-BNB

FLORA A. CARABAJAL,

    Plaintiff,

v.

DR. ANTHONY P. DWYER,

    Defendant.

___

ORDER OF DISMISSAL
___

Plaintiff Flora A. Carabajal initiated this action by submitting to the Court a *pro se* Complaint, on April 3, 2008. Magistrate Judge Boyd N. Boland reviewed the Complaint and, on April 15, 2008, entered an order instructing Plaintiff to amend the Complaint in keeping with Fed. R. Civ. P. 8 and **Nasious v. Two Unknown B.I.C.E. Agents**, 492 F.3d 1158, 1163 (10th Cir. 2007). On May 14, 2008, Plaintiff filed an Amended Complaint. The Court has reviewed the Amended Complaint and has determined that the Complaint and action should be dismissed as legally frivolous.

The Court must construe the Amended Complaint liberally because Ms. Carabajal is a *pro se* litigant. *See* **Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the Amended Complaint is held to standards less stringent than those governing a formal pleading

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 16 2008

GREGORY C. LANGHAM
CLERK

drafted by an attorney. *See id.* However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110.

Magistrate Judge Boland, in the April 15, 2008, Order, explained to Plaintiff that the twin purposes of a complaint are (1) to give the opposing parties fair notice of the basis for the claims against them so that they may respond and (2) to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See **Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas**,* 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Rule 8 are designed to meet these purposes. *See **TV Communications Network, Inc. v. ESPN, Inc.**,* 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Magistrate Judge Boland also informed Plaintiff that Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief sought."

Ms. Carabajal, in the Amended Complaint, still has not set forth either a short and plain statement of the grounds on which the Court's jurisdiction depends or a short and plain statement of her claims showing the type of relief she seeks. On Page Two of the Complaint form under the section titled, "Jurisdiction," Ms. Carabajal simply states, "Denver County." Plaintiff fails to assert proper jurisdiction for this Court to consider the claims that she asserts. Plaintiff also fails to state on Page Six of the Complaint form what relief she seeks.

Even if the Court were to construe Plaintiff's statements regarding Defendant Dr. Dwyer[1] as a Social Security claim, Plaintiff asserts nothing pertaining to a claim for Social Security benefits and that she is challenging the denial of such a claim.

Furthermore, if the Court were to construe the Complaint and action as filed pursuant 42 U.S.C. § 1983 finding that Defendant Dwyer was acting under color of state law, Plaintiff fails to assert a claim that rises to level of a constitutional deprivation. Ms. Carabajal asserts that Defendant Dwyer is "a rude, perjud [sic] against hispanic [sic]." To the extent Plaintiff is asserting that Defendant Dwyer discriminated against her, a person's right to equal protection is violated when the government or its officials treat her differently than others who are similarly situated. *See City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985); *Penrod v. Zavaras*, 94 F.3d 1399, 1406 (10th Cir. 1996). Equal protection, however, does not require that all people be treated identically. *See Hendking v. Smith*, 781 F.2d 850, 851 (11th Cir. 1986); *Zeigler v. Jackson*, 638 F.2d 776, 779 (5th Cir. 1981). Ms. Carabajal is not asserting that she is being treated differently than any other similarly-situated patient, she simply claims that Dr. Dwyer refused to discuss with her what treatment was necessary for her back problems and stated that he believes Plaintiff is trying to obtain Social Security benefits.

Moreover, to the extent that the Court construes Plaintiff's claims against Defendant Dwyer as medical malpractice claims, Plaintiff fails to assert a federal basis

---

[1] Plaintiff asserts that Dr. Dwyer stated to her during one of her appointments with him, "O [sic] it you [sic] again," and that she simply was trying to obtain Social Security benefits. (Am. Compl. at 3.)

3

for asserting such claims in this Court. Further, the Court knows of no legal authority for Plaintiff asserting medical malpractice claims against Dr. Dwyer in this Court.

Based on the above determinations, the Court finds that Plaintiff's claims lack merit and will be dismissed as legally frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). Accordingly, it is

ORDERED that the Amended Complaint and the action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

DATED at Denver, Colorado, this 12 day of June, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 08-cv-00711-BNB

Flora A. Carabajal
3447 W. Conejos Place
Denver, CO 80204

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 4/16/8

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk